UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESLEY ALVARADO,

PLAINTIFF,

vs.                                                   CASE NO :

THE UNITED STATES OF AMERICA,
STEPHANIE DUNAWAY as PERSONAL
REPRESENTATIVE of the ESTATE OF
LOIS G. DUNAWAY, STEPHANIE DUNAWAY
as  SUCCESSOR TRUSTEE of LOIS G. DUNAWAY
REVOCABLE TRUST, and TANYA S. DUNAWAY,
TRUSTEE OF THE MEMA'S TRUST dated October
27, 2020

DEFENDANTS.

_____

## COMPLAINT

Plaintiff **LESLEY ALVARADO** files this Complaint for damages against the

Defendant **UNITED STATES OF AMERICA**, Defendant **STEPHANIE**

**DUNAWAY as PERSONAL REPRESENTATIVE of the ESTATE OF LOIS**

**G. DUNAWAY**, Defendant **STEPHANIE DUNAWAY as SUCCESSOR**

**TRUSTEE of LOIS G. DUNAWAY REVOCABLE TRUST**, and Defendant

**TANYA S. DUNAWAY, TRUSTEE OF THE MEMA'S TRUST dated October**

**27, 2020** and alleges as follows:

1

## PRELIMINARY STATEMENT

1. This action seeks damages for the personal injuries of **LESLEY ALVARADO** resulting from the acts and omissions of the United States Postal Service, a federally supported agency by Defendant United States of America; and this action seeks damages for the personal injuries of **LESLEY ALVARADO** resulting from the acts and omissions of the Defendant.

2. This action further seeks damages resulting from the acts and omissions of Defendant **STEPHANIE DUNAWAY as PERSONAL REPRESENTATIVE of the ESTATE OF LOIS G. DUNAWAY,** Defendant **STEPHANIE DUNAWAY as SUCCESSOR TRUSTEE of LOIS G. DUNAWAY REVOCABLE TRUST**, and Defendant **TANYA S. DUNAWAY, TRUSTEE OF THE MEMA'S TRUST dated October 27, 2020** and this action seeks damages for the personal injuries of **LESLEY ALVARADO** resulting from the acts and omissions of the Defendants.

## JURISDICTION AND VENUE

3. This is an action against Defendant **UNITED STATES OF AMERICA** under the Federal Tort Claims Act (28 U.S.C. Section 2671, et. Seq.), 28 U.S.C. § 1346(b)(1), and 42 U.S.C. § 233.

4. Jurisdiction is invoked pursuant to 28 U.S.C. § 1346(b)(1).

5. The claims herein are brought against Defendant **UNITED STATES OF AMERICA** pursuant to the Federal Tort Claims Act (28 U.S.C. Section 2671, et Seq.) and 28 U.S.C. § 1346 (b)(1), for money damages as compensation for personal injuries and property damage caused by Defendant **UNITED STATES OF AMERICA**'s negligence.

6. This Court has supplemental jurisdiction over Plaintiff's negligence claim against Defendant **STEPHANIE DUNAWAY as PERSONAL REPRESENTATIVE of the ESTATE OF LOIS G. DUNAWAY** under 28 U.S.C. § 1367(a) because it forms part of the same case or controversy, arising from the same common nucleus of operative fact as the FTCA claim.

7. This Court has supplemental jurisdiction over Plaintiff's negligence claim against Defendant **STEPHANIE DUNAWAY as SUCCESSOR TRUSTEE of LOIS G. DUNAWAY REVOCABLE TRUST** under 28 U.S.C. § 1367(a) because it forms part of the same case or controversy, arising from the same common nucleus of operative fact as the FTCA claim.

8. This Court has supplemental jurisdiction over Plaintiff's negligence claim against Defendant **TANYA S. DUNAWAY, TRUSTEE OF THE MEMA'S TRUST dated October 27, 2020** under 28 U.S.C. § 1367(a) because it forms part of the same case or controversy, arising from the same common nucleus of operative fact as the FTCA claim.

3

9. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in Felda, Hendry County, Florida which is located within the Middle District of Florida, Fort Myers Division.

10. Plaintiff complied with all conditions precedent and submitted a claim to the appropriate Federal Administrative Agency, to wit, the United States Postal Service, with a sum certain. A copy of the claim is attached as Exhibit "1". The claim was deemed filed as of January 27, 2025.

11. Pursuant to 28 U.S.C. §2675(a), the agency did not make a final disposition of the claim within six months after January 27, 2025, and the Court has jurisdiction over this claim.

## PARTIES

12. Plaintiff was, and at all times relevant hereto, a resident of Hendry County, Florida.

13. Defendant **UNITED STATES OF AMERICA,** through its agent, the United States Postal Service, operated the Post Offices in Felda Florida, located in Hendry County, Florida.

14. Defendant **STEPHANIE DUNAWAY as PERSONAL REPRESENTATIVE of the ESTATE OF LOIS G. DUNAWAY** owned the premises located at 14815 FL-29 in Felda, Florida, and leased it to the United States Portal Service, which operated the premises as a Post Office.

4

15. Defendant **STEPHANIE DUNAWAY as SUCCESSOR TRUSTEE of LOIS G. DUNAWAY REVOCABLE TRUST** owned the premises located at 14815 FL-29 in Felda, Florida, and leased it to the United States Portal Service, which operated the premises as a Post Office.

16. Defendant **TANYA S. DUNAWAY, TRUSTEE OF THE MEMA'S TRUST dated October 27, 2020** owned the premises located at 14815 FL-29 in Felda, Florida, and leased it to the United States Portal Service, which operated the premises as a Post Office.

17. Defendant **STEPHANIE DUNAWAY as PERSONAL REPRESENTATIVE of the ESTATE OF LOIS G. DUNAWAY** owned the property, leased the property to Defendant **UNITED STATES OF AMERICA**, and retained owner/lessor duties imposed by Florida law, including duties to invitees for conditions it created, knew or should have known about, or had a duty to repair or maintain, including building systems such as plumbing.

18. Defendant **STEPHANIE DUNAWAY as SUCCESSOR TRUSTEE of LOIS G. DUNAWAY REVOCABLE TRUST** owned the property, leased the property to Defendant **UNITED STATES OF AMERICA**, and retained owner/lessor duties imposed by Florida law, including duties to invitees for conditions it created, knew or should have known about, or had a duty to repair or maintain, including building systems such as plumbing.

19. Defendant **TANYA S. DUNAWAY, TRUSTEE OF THE MEMA'S TRUST dated October 27, 2020** owned the property, leased the property to Defendant **UNITED STATES OF AMERICA**, and retained owner/lessor duties imposed by Florida law, including duties to invitees for conditions it created, knew or should have known about, or had a duty to repair or maintain, including building systems such as plumbing.

20. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of Defendant **UNITED STATES OF AMERICA**. Furthermore, Defendant **UNITED STATES OF AMERICA** is responsible for the negligent acts of their employees and agents under respondeat superior.

## COUNT 1: NEGLIGENCE
### (FTCA-UNITED STATES OF AMERICA)

21. Plaintiff realleges paragraphs 1-20 as though fully set forth herein.

22. On or about April 16, 2024, Plaintiff **LESLEY ALVARADO** entered the subject premises as a business invitee.

23. At the time and place, the **UNITED STATES OF AMERICA** leased the subject premises, operating it as a Post Office open to the general public.

24. At that time and place, Defendant **UNITED STATES OF AMERICA** owed the following duties to Plaintiff:

   a. The duty to maintain the premises in a reasonably safe condition;

6

b. The duty to reasonably inspect the premises in order to determine whether any unsafe or dangerous conditions existed on the premises;

c. The duty to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from leaks and substances that might foreseeably give rise to loss, injury, or damage;

d. The duty to correct or repair any unsafe or dangerous condition(s) of which Defendant was aware or should have been aware through the exercise of reasonable care;

e. The duty to warn invitees of known slipping hazards; and

f. The duty to correct and/or address known slipping hazards.

25. Defendant **UNITED STATES OF AMERICA** breached its duties and negligently maintained the premises by:

a. Failing to warn Plaintiff of the substance on the ground;

b. Failing to warn Plaintiff of the known slip hazards;

c. Failing to keep the premises free of slipping hazards;

d. The substance on the floor was caused or allowed to be there by the Defendant;

e. Failing to maintain the premises so that there was an overflowing toilet that leaked water onto the floor of the premises open to the general public;

7

f. Failing to reasonably inspect the premises in order to determine whether any unsafe or dangerous conditions existed on the premises; and

g. Failing to correct or repair the dangerous condition so that Plaintiff slipped and fell on the property.

26. As a direct and proximate result of the subject incident on the premises, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

**WHEREFORE,** Plaintiff **LESLEY ALVARADO** hereby demands judgment against Defendant **UNITED STATES OF AMERICA,** as well as such further relief this court deems just and proper.

## COUNT 2: NEGLIGENCE
### (STEPHANIE DUNAWAY as SUCCESSOR TRUSTEE of LOIS G. DUNAWAY REVOCABLE TRUST)

27. Plaintiff realleges paragraphs 1-20 as fully set forth herein.

28. On or about April 26, 2024, Defendant **STEPHANIE DUNAWAY as SUCCESSOR TRUSTEE of LOIS G. DUNAWAY REVOCABLE TRUST** owned the premises located at 14815 FL-29 in Felda, Florida, which Defendant **UNITED STATES OF AMERICA** operated as a Post Office.

8

29. Defendant **STEPHANIE DUNAWAY as SUCCESSOR TRUSTEE of LOIS G. DUNAWAY REVOCABLE TRUST** leased the premises to Defendant **UNITED STATES OF AMERICA.**

30. At that time and place, the premises were open to the general public, as the premises were being operated as a United States Post Office.

31. At that time and place, Plaintiff entered the premises as a business invitee.

32. Defendant **STEPHANIE DUNAWAY as SUCCESSOR TRUSTEE of LOIS G. DUNAWAY REVOCABLE TRUST** owed the following duties to Plaintiff:

a. The duty to maintain the premises in a reasonably safe condition;

b. The duty to reasonably inspect the premises in order to determine whether any unsafe or dangerous conditions existed on the premises;

c. The duty to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from leaks and substances that might foreseeably give rise to loss, injury, or damage;

d. The duty to correct or repair any unsafe or dangerous condition(s) of which Defendant was aware or should have been aware through the exercise of reasonable care;

e. The duty to warn invitees of known slipping hazards; and

f. The duty to correct and/or address known slipping hazards.

33.  Defendant **STEPHANIE DUNAWAY as SUCCESSOR TRUSTEE of LOIS G. DUNAWAY REVOCABLE TRUST** breached its duties and negligently maintained the premises by:

a) Failing to warn Plaintiff of the substance of the ground;

b) Failing to warn Plaintiff of known slip hazards;

c) Failing to keep the Post Office free of slipping hazards;

d) The substance on the floor was caused or allowed to be there by the Defendant;

e) Failing to maintain the premises so that there was an overflowing toilet that leaked water onto the floor of the premises open to the general public;

f) Failing to reasonably inspect the premises in order to determine whether any unsafe or dangerous conditions existed on the premises; and

g) Failing to correct or repair the dangerous condition so that Plaintiff slipped and fell on the property.

34.  As a direct and proximate result of the subject incident on the premises, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition. These are losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

**WHEREFORE,** Plaintiff **LESLEY ALVARADO** hereby demands judgment against Defendant **STEPHANIE DUNAWAY as SUCCESSOR TRUSTEE of LOIS G. DUNAWAY REVOCABLE TRUST,** as well as any such further relief this Court deems just and proper.

### COUNT 3: NEGLIGENCE
### (STEPHANIE DUNAWAY as PERSONAL REPRESENTATIVE of the ESTATE OF LOIS G. DUNAWAY)

35. Plaintiff realleges paragraphs 1-20 as though fully set forth herein.

36. On or about April 16, 2024, Defendant **STEPHANIE DUNAWAY as PERSONAL REPRESENTATIVE of the ESTATE OF LOIS G. DUNAWAY** owned the premises located at 14815 FL-29 in Felda, Florida, which Defendant **UNITED STATES OF AMERICA** operated as a Post Office.

37. Defendant **STEPHANIE DUNAWAY as PERSONAL REPRESENTATIVE of the ESTATE OF LOIS G. DUNAWAY** leased the premises to Defendant **UNITED STATES OF AMERICA** for use as a Post Office.

38. At that time and place, the premises were open to the general public, as the premises were being operated as a United States Post Office.

39. At that time and place, Plaintiff entered the premises as a business invitee.

11

40. Defendant **STEPHANIE DUNAWAY as PERSONAL REPRESENTATIVE of the ESTATE OF LOIS G. DUNAWAY** owed the following duties to Plaintiff:

a. The duty to maintain the premises in a reasonably safe condition;

b. The duty to reasonably inspect the premises in order to determine whether any unsafe or dangerous conditions existed on the premises;

c. The duty to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from leaks and substances that might foreseeably give rise to loss, injury, or damage;

d. The duty to correct or repair any unsafe or dangerous condition(s) of which Defendant was aware or should have been aware through the exercise of reasonable care;

e. The duty to warn invitees of known slipping hazards; and

f. The duty to correct and/or address known slipping hazards.

41. Defendant **STEPHANIE DUNAWAY as PERSONAL REPRESENTATIVE of the ESTATE OF LOIS G. DUNAWAY** breached its duties and negligently maintained the premises by:

a. Failing to warn Plaintiff of the substance of the ground;

b. Failing to warn Plaintiff of known slip hazards;

c. Failing to keep the Post Office free of slipping hazards;

d. The substance on the floor was caused or allowed to be there by the Defendant;

e. Failing to maintain the premises so that there was an overflowing toilet that leaked water onto the floor of the premises open to the general public;

f. Failing to reasonably inspect the premises in order to determine whether any unsafe or dangerous conditions existed on the premises; and

g. Failing to correct or repair the dangerous condition so that Plaintiff slipped and fell on the property.

42. As a direct and proximate result of the subject incident on the premises, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition. There losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

**WHEREFORE,** Plaintiff **LESLEY ALVARADO** hereby demands judgment against Defendant **STEPHANIE DUNAWAY as PERSONAL REPRESENTATIVE of the ESTATE OF LOIS G. DUNAWAY,** as well as any such further relief this Court deems just and proper.

## COUNT 4: NEGLIGENCE

13

**(TANYA S. DUNAWAY, TRUSTEE OF THE MEMA'S TRUST dated**

**October 27, 2020)**

43.    Plaintiff realleges paragraphs 1-20 as though fully set forth herein.

44.    On or about April 16, 2024, Defendant **TANYA S. DUNAWAY, TRUSTEE OF THE MEMA'S TRUST dated October 27, 2020** owned the premises located at 14815 FL-29 in Felda, Florida, which Defendant **UNITED STATES OF AMERICA** operated as a Post Office.

45.    Defendant **TANYA S. DUNAWAY, TRUSTEE OF THE MEMA'S TRUST dated October 27, 2020** leased the premises to Defendant **UNITED STATES OF AMERICA.**

46.    At that time and place, the premises were open to the general public, as the premises were being operated as a United States Post Office.

47.    At that time and place, Plaintiff entered the premises as a business invitee.

48.    Defendant **TANYA S. DUNAWAY, TRUSTEE OF THE MEMA'S TRUST dated October 27, 2020** owed the following duties to Plaintiff:

a.   The duty to maintain the premises in a reasonably safe condition;

b.   The duty to reasonably inspect the premises in order to determine whether any unsafe or dangerous conditions existed on the premises;

c.   The duty to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable

14

efforts to keep the premises free from leaks and substances that might foreseeably give rise to loss, injury, or damage;

d. The duty to correct or repair any unsafe or dangerous condition(s) of which Defendant was aware or should have been aware through the exercise of reasonable care;

e. The duty to warn invitees of known slipping hazards; and

f. The duty to correct and/or address known slipping hazards.

49.    Defendant **TANYA S. DUNAWAY, TRUSTEE OF THE MEMA'S TRUST dated October 27, 2020** breached its duties and negligently maintained the premises by:

a. Failing to warn Plaintiff of the substance of the ground;

b. Failing to warn Plaintiff of known slip hazards;

c. Failing to keep the Post Office free of slipping hazards;

d. The substance on the floor was caused or allowed to be there by the Defendant;

e. Failing to maintain the premises so that there was an overflowing toilet that leaked water onto the floor of the premises open to the general public;

f. Failing to reasonably inspect the premises in order to determine whether any unsafe or dangerous conditions existed on the premises; and

g. Failing to correct or repair the dangerous condition so that Plaintiff slipped and fell on the property.

15

50.   As a direct and proximate result of the subject incident on the premises, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition. There losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff **LESLEY ALVARADO** hereby demands judgment against Defendant **TANYA S. DUNAWAY, TRUSTEE OF THE MEMA'S TRUST dated October 27, 2020**, as well as any such further relief this Court deems just and proper.

<h3 style="text-align:center">PRAYER FOR RELIEF</h3>

WHEREFORE, Plaintiff **LESLEY ALVARADO** prays for damages against the Defendants **UNITED STATES OF AMERICA, STEPHANIE DUNAWAY as PERSONAL REPRESENTATIVE of the ESTATE OF LOIS G. DUNAWAY, STEPHANIE DUNAWAY as SUCCESSOR TRUSTEE of LOIS G. DUNAWAY REVOCABLE TRUST, and TANYA S. DUNAWAY, TRUSTEE OF THE MEMA'S TRUST dated October 27, 2020**, for damages plus costs of this action, pre-judgement interest at the statutory rate for actual out-of-pocket payments on past medical expenses calculated from the

16

date payment was made, and actual wage losses, if any, to the extent allowed by law.

Dated: March 26, 2026

**Law Office of Maria R. Alaimo, LLC**
12741 World Plaza Lane
Suite 2
Fort Myers, Florida 33907
Telephone: 239-223-4677
Facsimile: 239-323-3789
Primary Email: Maria@mariagetsjustice.com
Secondary Email: Dakota@mariagetsjustice.com

*/s/ Maria R. Alaimo*
**Maria R. Alaimo, Esquire**
**FBN: 103870**