UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESLEY ALVARADO,

Plaintiff,

v.

Case No. 2:26-cv-887-KCD-KRH

UNITED STATES OF AMERICA, STEPHANIE DUNAWAY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LOIS G DUNAWAY, STEPHANIE DUNAWAY AS SUCCESSOR TRUSTEE OF THE LOIS G. DUNAWAY REVOCABLE TRUST, TANYA S. DUNAWAY TRUSTEE OF THE MEMA'S TRUST DATED OCTOBER 27, 2020,

Defendants.
_______________________________/

**ORDER**

Plaintiff Lesley Alvarado slipped and fell at a post office. She sues the United States and the entities that leased the building for negligence. (Doc. 1.)[1] The statutory hook to sue the United States in federal court is the Federal Tort Claims Act ("FTCA"). Alvarado brings in the remaining parties based on supplemental jurisdiction. (*Id.* at 3.) The United States now moves to dismiss the complaint for lack of jurisdiction under Federal Rule 12(b)(1),

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

arguing that because Alvarado's fall happened outside of the post office's normal business hours, this case is precluded by one of the FTCA's exceptions—the discretionary function defense. (Doc. 17.) The Court agrees and grants the motion.

## I. Background

The complaint is boilerplate. (Doc. 1.) But Alvarado attached the administrative claim she made to USPS that includes more details about her fall. (Doc. 1-1.) The United States Post Office in Felda, Florida, provides twenty-four-hour access to post office boxes, even when the service counter is closed. On April 16, 2024, at approximately 5:30 p.m., Alvarado entered the post office to check her box. With her mail and phone in one hand and keys in the other, she slipped on a wet substance and fell. (Doc. 1-1 at 1; Doc. 17-2 at 3.) As a result of the fall, Alvarado injured her back, knee, and neck. (Doc. 1-1.)

The post office retail desk had closed for the day when she fell, and no employees were there. (Doc. 17-2 at 3.) Alvarado later learned that the puddles on the floor were caused by an overflowing toilet. (Doc. 1-1.) The complaint alleges that the post office should have known of the dangerous condition and should have taken precautionary measures to maintain a safe environment. (Doc. 1 at 6-7.)

## II. Legal Standard

A defendant can challenge the court's subject matter jurisdiction at the pleading stage by moving to dismiss under Rule 12(b)(1). "A motion under Rule 12(b)(1) may either be a facial or factual attack[.]" *Hartford Cas. Ins. Co. v. Gage*, No. 8:22-CV-2205-KKM-MRM, 2023 WL 10083597, at *2 (M.D. Fla. Apr. 28, 2023). The discretionary function exception's application to this case is a factual attack on the Court's subject-matter jurisdiction. *U.S. Aviation Underwriters, Inc. v. United States*, 562 F.3d 1297, 1299 (11th Cir. 2009).

## III. Discussion

"The United States cannot be sued except as it consents to be sued." *Hogan v. U.S. Postmaster Gen.*, 492 F. App'x 33, 34 (11th Cir. 2012). The FTCA creates a limited waiver of the federal government's sovereign immunity for tort claims seeking money damages from the United States for personal injury. 28 U.S.C. § 1346(b)(1). There are several exceptions to the FTCA. *See* 28 U.S.C. § 2680. The United States raises just one here—the discretionary function defense. *Id.* § 2680(a). The defense excludes from the FTCA claims based on acts or omissions of federal employees or agencies who, in the exercise of due care, act or fail to act in the execution of a statute or regulation, or based on the exercise or performance of a discretionary duty or function. *Id.*

The United States asserts that the post office's decision to maintain a twenty-four-hour access facility fell within the discretionary function exception to the FTCA, as provided in the Postal Operations Manual ("POM"). (Doc. 17.) At the time of Alvarado's fall, the POM stated that "[a]t the postmaster's discretion, lobbies may remain open when no one is on duty to allow customer access to post office boxes and self-service equipment, provided customer safety, security provisions and police protection are deemed adequate." (Doc. 17-4 at ECF 112, POM § 126.43.) Alvarado responds that routine premises maintenance, which is operational and not a policy to allow after-hours access, falls outside the scope of the discretionary function exception. (Doc. 25.)

"In a series of cases, the Supreme Court has articulated and refined the analysis used in applying this discretionary function exception." *Hughes v. United States*, 110 F.3d 765 (11th Cir. 1997). Following suit, courts "apply a two-part test to determine whether challenged conduct by a government employee falls within the discretionary function exception." *Id.* First, the court "must determine whether the challenged conduct involves an element of judgment or choice." *Id.* Second, the court "must determine whether that judgment is of the kind that the discretionary function exception was designed to shield." *Id.* Overall, the court's "concern under the discretionary function exception is not whether the allegations of negligence are true;

instead [the court's] concern is whether the nature of the conduct involves judgment or choice and whether that judgment is of the kind that the exception was designed to protect." *Id.* at 768 n.1. "A function is non-discretionary if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow where the employee has no rightful option but to adhere to the directive." *Hogan*, 492 F. App'x at 34-35.

As here, the plaintiff in *Hogan* alleged that he slipped and fell on accumulated water on the floor as he stepped through the entryway into the post office lobby after hours. 492 F. App'x at 33-34. The court identified the conduct at issue as "the postmaster's discretion to maintain twenty-four-hour customer access to the Post Office lobby and the decision to maintain certain safety procedures in connection with that twenty-four hour access." *Id.* When there is no "statute, regulation, or administrative policy mandating cleanup of accumulated water after normal business hours, the existence (or nonexistence) of a procedure for after-hours water cleanup [is] made pursuant to the local postmaster's discretion to keep the Post Office lobby open to the public after hours." *Id.* at 35. The court then applied the first prong of the two-pronged test (whether the conduct is discretionary in nature or involves an element of judgment or choice) and found that nothing in the controlling regulation, the same POM language at issue here, mandated specific procedures for wet floor maintenance. *Id.* at 36. "Therefore a decision,

if any, to mandate procedures for after hours water cleanup in the Post Office lobby is 'discretionary' within the meaning of the discretionary function exception and the first prong of the discretionary function exception test is satisfied." *Id.*

The Court sees no reason to depart from *Hogan*, which is analogous to what happened here. The Court also finds support in numerous other district court cases from around the country that have reached the same conclusion. *See, e.g.*, *Bell v. United States*, Case Nos. 99-5563, 99-5655, 2000 WL 1720932, at *4-5 (6th Cir. 2000); *Krey v. Brennan*, Case No. DKC 15-800, 2017 WL 2797497, at *5 (D. Md. June 28, 2017); *Bonebrake v. United States*, Case No. C19-1639 RAJ, 2021 WL 4844717, at *2 (W.D. Wash. Oct. 18, 2021); *DiBease v. United States*, Case No. 23-2779, 2024 WL 4234640, at *3 (Sept. 19, 2024). Accordingly, the discretionary function exception applies to Alvarado's negligence claim against the United States.

With the federal claim gone, only Alvarado's state law negligence claims remain, so that raises the issue of the Court's jurisdiction to continue with the case. The issue of supplemental jurisdiction can be raised sua sponte. *See Oakes v. Collier Cnty.*, 515 F. Supp. 3d 1202, 1217 (M.D. Fla. 2021).

District courts may exercise supplemental jurisdiction over state-law claims when they "arise out of a common nucleus of operative fact with a

substantial federal claim." *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863, 865 (11th Cir. 2022); *see also* 28 U.S.C. § 1367(a). But after the federal claim is gone, the "court ha[s] the discretion either to continue to exercise supplemental jurisdiction" or not. *Silas*, 55 F.4th at 865. District courts are generally "encouraged . . . to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004); *see also Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999).

The Court declines to exercise supplemental jurisdiction over Alvarado's remaining negligence claims. "State courts, not federal courts, should be the final arbiters of state law." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997); *see also Ameritox, Ltd. v. Millennium Lab'ys, Inc.*, 803 F.3d 518, 540 (11th Cir. 2015) ("Federal courts are (and should be) loath to wade into unchartered waters of state law, and should only do so when absolutely necessary to the disposition of a case."). Thus, the case will be dismissed and closed.

Accordingly, it is hereby **ORDERED**:

The Federal Tort Claims Act claim (Count I) is **DISMISSED** for lack of subject matter jurisdiction, and the remaining state-law claims are dismissed without prejudice. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on August 21, 2026.

Kyle C. Dudek
United States District Judge